**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEHMET YALTER; et al., | No. 09-56336 |
| Plaintiffs - Appellants, | D.C. No. 8:03-cv-00080-DOC-MLG |
| v. | |
| ENDOCARE, INC., a California corporation; et al., | MEMORANDUM[*] |
| Defendants, | |
| and | |
| FEDERAL INSURANCE COMPANY, | |
| Third-party-defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted December 6, 2010[**]
Pasadena, California

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: TROTT and WARDLAW, Circuit Judges, and BREWSTER, Senior District Judge.[***]

Mehmet and Bertha Yalter appeal the district court's grant of defendant Federal Insurance Company's Rule 12(b)(6) motion to dismiss the third party complaint filed against it. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Federal Insurance Company (Federal) issued an insurance policy providing coverage to Endocare, the manufacturer of the prostatic stent used in Mr. Yalter's surgery. The policy also provided coverage for distributors of Endocare's products, "but only with respect to their [the vendor's] liability for damages for bodily injury or property damage resulting from the distribution or sale of your [Endocare's] products in the regular course of their [the vendor's] business and only if this insurance applies to the products-completed operations hazard." The products-completed operations hazard was later defined as including "all bodily injury and property damage arising out of your [Endocare's] product."

It is undisputed that Mr. Yalter's injuries were caused by the overheating of saline solution that was subsequently injected into the stent. It is also undisputed that a representative of Aymed, a distributor of Endocare's products, was in the

---

[***] The Honorable Rudi M. Brewster, Senior United States District Judge for the Southern District of California, sitting by designation.

room during the surgery. The Yalters allege that Mr. Ay, the manager and principal of Aymed, was "actively involved" in the negligent use of the overheated saline solution. Mr. Ay's conduct during the surgery, however, is not covered by the policy because Aymed's liability did not result from the "distribution or sale" of the prostatic stent.

Under California law, insurance policies are interpreted using the ordinary rules of contract construction. *Bank of the West v. Sup. Ct.*, 10 Cal. Rptr. 2d 538, 544 (1992). Thus, "[i]f contractual language is clear and explicit, it governs." *Id.* at 545. We have previously recognized that "[t]he rules regarding interpretation of insurance contracts in California are well settled. The words of the policy are to be interpreted according to their ordinary meaning, 'i.e., according to the plain meaning which a layperson would ordinarily attach to them.'" *Stanford Ranch, Inc. v. Maryland Cas. Co.*, 89 F.3d 618 (9th Cir. 1996) (quoting *Chatton v. National Union Fire Ins. Co.*, 13 Cal. Rptr. 2d 318, 322 (1992)).

The ordinary meaning of "distribution or sale" does not include attending medical procedures, nor does it include providing assistance during those procedures. Thus, any liability resulting from My. Ay's attendance at Mr. Yalter's surgery is unambiguously not covered by the Federal policy. Although the Yalters attempt to expand the scope of coverage by alleging that Mr. Ay's attendance at

3

the procedure was during the normal course of Aymed's distribution of the stent, the policy must be construed according to its ordinary meaning. A distributor's business would not ordinarily include this type of active participation in medical procedures. Furthermore, Mr. Ay's conduct does not fall within the definition of the products-completed operations hazard since Mr. Yalter's injuries were not connected to any defect in Endocare's product. *See Fireboard Corp. v. Hartford Accident & Indemnity Co.*, 20 Cal. Rptr. 2d 376 (Cal. Ct. App. 1993).

Federal does not have the duty to defend Aymed in the present suit if "undisputed facts show[] that as a matter of law there [is] no potential for liability to defend because there [is] no potential for coverage." *Reese v. Travelers Insurance Co.*, 129 F.3d 1056, 1062 (9th Cir. 1997) (citing *Montrose Chemical Corp. v. Superior Court*, 24 Cal. Rptr. 2d 467, 474 (1993) (en banc)). Because we conclude that Aymed's liability is not covered by the policy as a matter of law, we affirm the district court's conclusion that Federal did not have a duty to provide Aymed with a defense.

**AFFIRMED.**